## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

HÖRMANN, LLC,                                 Case No. 24-mc-00010

               Petitioner,

      -vs-                                  JUDGE PAMELA A. BARKER

CLOPAY CORPORATION,

               Respondent.         MEMORANDUM OPINION & ORDER

Before the Court is Petitioner Hörmann, LLC's ("Hörmann") Petition to Quash Arbitration Subpoena filed on February 1, 2024.  (Doc. No. 1.)  Respondent Clopay Corporation ("Clopay") has not filed a response.

For the following reasons, the Court GRANTS Hörmann's Petition to Quash.

## I.      Background

Hörmann develops and manufactures garage doors, entry doors, and related products.  (Doc. No. 1-1, PageID# 14.)  One of its employees is Jared Priest ("Priest").  (*Id*. at PageID# 16.)  Hörmann hired Priest in February 2023.  (*Id*. at PageID# 21.)  Previously, from August 2016 to June 2022, Priest worked for Clopay.  (*Id*. at PageID# 16.)  Clopay is a competitor of Hörmann.  (*Id*.)  On May 22, 2023, Clopay initiated an arbitration proceeding with the American Arbitration Association against Priest.  (*Id*. at PageID# 17.)  Clopay seeks to enjoin Priest from continuing his employment with Hörmann and from using Clopay's confidential and trade secret information.  (*Id*.)  Clopay also seeks damages, attorney's fees, and costs.  (*Id*.)  Hörmann is not a party to the arbitration proceeding. (*Id*.)

On November 21, 2023, Clopay issued a subpoena duces tecum to produce documents (without deposition) to Hörmann.  (*Id*.)  The subpoena seeks, in relevant part:

> 3.  All communications, including but not limited to e-mails, texts, SMS messages, chat programs, instant messages, and letters, sent by Hörmann LLC to Jared Priest or by Jared Priest to Hörmann LLC.

> 4.  All communications, including but not limited to e-mails, texts, SMS messages, chat programs, instant messages, and letters, sent by Hörmann LLC to any Clopay customer or former customer since Jared Priest began his employment with Hörmann LLC.

> 6.  All Hörmann-issued cell phones, tablets, or laptops that Jared Priest used during his employment with Hörmann LLC, and any data storage devices, including, but not limited to, external hard drives, USBs, and/or other devices.

(*Id*. at PageID# 30.)  On December 12, 2023, Hörmann moved to quash the subpoena in the arbitration proceeding.  (*Id*. at PageID# 33.)  Hörmann made two arguments, which are the same two arguments it makes here: (1) section 7 of the Federal Arbitration Act ("FAA") does not permit an arbitrator to order pre-hearing discovery disclosures from a non-party such as Hörmann and (2) the documents and data requested in the subpoena will require Hörmann to disclose confidential and proprietary information to a competitor.  (*Id*. at PageID# 35.)

The arbitrator rejected both of Hörmann's arguments.  First, he concluded that *American Federation of TV & Radio Artists v. WJBK-TV*, 164 F.3d 1004 (6th Cir. 1999), provides the authority in the Sixth Circuit for an arbitrator to issue a pre-hearing subpoena against a non-party.  (*Id*.)  Second, he reasoned that the protective order issued in the arbitration proceeding covers Hörmann and will protect any confidential and proprietary information it discloses.  (*Id*. at PageID# 36.)

On February 1, 2024, Hörmann filed the instant Petition to Quash the subpoena in this Court. (Doc. No. 1.)  Hörmann certified that it served its Petition to Quash by Federal Express on Clopay

and by Federal Express and email on Clopay's counsel.  (*Id*. at PageID# 12.)  Clopay, however, did not file any opposition to Hörmann's Petition.

## II.    Law and Analysis

For the following three reasons, the Court grants Hörmann's Petition to Quash.

### A.    Unopposed

First, Clopay has not opposed Hörmann's Petition to Quash.  Local Rule 7.1 provides, in pertinent part, that "each party opposing a motion must serve and file a memorandum in opposition . . . within fourteen (14) days after service of any non-dispositive motion."  N.D. Ohio Civ. R. 7.1(d).  Clopay's failure to respond within this timeframe "amounts to a waiver" of any argument that it may have in opposition.  *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013); *see also Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.").

Accordingly, absent any opposition, the Court grants Hörmann's petition.

### B.    Section 7 of the FAA

Second, the majority of courts that have considered the issue have found that pre-hearing discovery is not permitted under the plain language of section 7 of the FAA.  Section 7 provides, in pertinent part:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, **may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case**.

9 U.S.C. § 7 (emphasis added).  The Second, Third, Fourth, Ninth, and Eleventh Circuits have refused to enforce an arbitrator's subpoena for pre-hearing discovery from non-parties.  *Life Receivables Tr.*

*v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 218 (2d Cir. 2008); *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 411 (3d Cir. 2004); *COMSAT Corp. v. NSF*, 190 F.3d 269, 275 (4th Cir. 1999); *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017); *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1161 (11th Cir. 2019).  Only the Eighth Circuit has held otherwise.  *Sec. Life Ins. Co. of Am. v. Duncanson & Holt (in Re Sec. Life Ins. Co. of Am.)*, 228 F.3d 865, 870-71 (8th Cir. 2000) (holding that "implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing").

The arbitrator cited the Sixth Circuit case *American Federation* for the authority for pre-hearing discovery.  But *American Federation* arose under section 301 of the Labor Management Relations Act ("LMRA") of 1947.  164 F.3d at 1009.  The court cited to section 7 of the FAA, but only by way of analogy.  It limited its holding to section 301 of the LMRA.  *Id.*  ("We hold that under § 301, a labor arbitrator is authorized to issue a subpoena duces tecum to compel a third party to produce records he deems material to the case either before or at an arbitration hearing."); *see also Managed Care Advisory Grp.*, 939 F.3d at 1159 n.5 (distinguishing *American Federation* on the same grounds); *Deputy Synthes Sales, Inc. v. Smith + Nephew, Inc.*, 2022 U.S. Dist. LEXIS 3285 at *10 (S.D. Ohio Jan. 7, 2022) (distinguishing *American Federation* on the same grounds and agreeing with "the reasoning of the majority of courts to address this issue and find[ing] that pre-hearing discovery is not permitted pursuant to the plain language of § 7 of the FAA").

Therefore, the Court concludes that section 7 of the FAA does not permit the subpoena at issue.

4

### C.     Rule 45

Lastly, even if the subpoena were permitted, a court "must quash . . . a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A)(iii).  The party moving to quash has the burden of proof.  *Sagebrush Sols., LLC v. Health Mgmt. Sys. (In re CareSource Mgmt. Grp. Co.)*, 289 F.R.D. 251, 253 (S.D. Ohio 2013).

Here, Hörmann argues that the communications and electronic devices that Clopay seeks would necessarily require Hörmann to disclose its trade secrets and confidential information.  (Doc. No. 1, PageID# 7.)  Specifically, the communications between Hörmann and Priest and between Hörmann and Clopay's customers "would reflect Hörmann's own business operations," while the electronic devices would have Hörmann's "customer information, market research, customer lists, and the like" as well as Priest's personal information.  (*Id*. at PageID# 7-9.)  Given that Clopay is Hörmann's direct competitor, and since Clopay has made no argument in opposition, the Court concludes that the subpoena requires disclosure of Hörmann's protected trade secrets and confidential information.

The arbitrator denied Hörmann's motion to quash in part because the parties to the arbitration proceeding entered into a protective order.  (Doc. No. 1-1, PageID# 36.)  The arbitrator reasoned that the order protects the parties' confidential and proprietary information and "authorizes non-parties [such as Hörmann] to become parties" to it.  (*Id*.)  But the protective order's application to Hörmann is not automatic.  It first requires that the "non-party request[], in writing, [its] protection."  (Doc. No. 1-3, PageID# 55)  Only then "shall [it] apply to [the] non-part[y] who provided discovery.  (*Id*.)  There is no indication that Hörmann requested the protective order's protection, nor is there any clause requiring Hörmann to do so.  In other words, the protective order is not an "exception or waiver"

5

within the meaning of Rule 45(d)(3)(A)(iii) and, as such, it does not preclude Hörmann's right to move to quash the subpoena.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394 at *11 (N.D. Cal. July 7, 2017) (rejecting argument that a protective order "ameliorates any confidentiality concerns" in a case involving "a Rule 45 subpoena between direct competitors operating in the same industry").

Since the subpoena seeks protected information and no exception or waiver applies, under Rule 45(d)(3), the Court "must quash" the subpoena.  Fed. R. Civ. P. 45(d)(3)(A)(iii).

**III.    Conclusion**

For the foregoing reasons the Court GRANTS Hörmann's Petition to Quash Arbitration Subpoena.  (Doc. No. 1.)

**IT IS SO ORDERED.**

Dated: February 27, 2024                    *s/ Pamela A. Barker*
                                           PAMELA A. BARKER
                                           UNITED STATES DISTRICT JUDGE